***********
Having considered plaintiff's Motion for Payment of Compensation Pending Appeal and defendant Glatfelter's response, the Full Commission enters the following:
1. On 23 May 1999, plaintiff sustained an injury by accident which arose out of and in the course of his employment with defendant-employer Glatfelter, who was self-insured for its workers' compensation liability.
2. Plaintiff's injury was accepted as compensable by defendant-employer pursuant to a Form 60 Employer's Admission of Employee's Right to Compensation filed on 23 May 2000, a Form 62 Notice of Reinstatement or Modification of Compensation filed on 3 August 2001 and an additional Form 62 filed on 29 July 2002.
3. Defendant has paid plaintiff compensation at the weekly rate of $440.11. The last payment of compensation to plaintiff was made on 30 September 2002, at which time defendant unilaterally ceased to pay compensation without approval from the Commission.
4. On 9 August 2001, defendant-employer executed an Amended and Restated Acquisition Agreement for the sale of its Ecusta Division which purported to transfer defendant's self-insured workers' compensation liabilities, including those owed to plaintiff, to RSF Ecusta, the purchaser of the division.
5. This claim was heard before Deputy Commissioner George R. Hall, III, on 19 December 2002. In an Opinion and Award issued by Deputy Commissioner Hall on 5 June 2003, it was held that there was no valid transfer of defendant's workers' compensation liabilities to RSSF Ecusta, and that defendant remains liable for plaintiff's workers' compensation claim.
6. Plaintiff has been without workers' compensation benefits since 30 September 2002.
7. On 20 June 2003, defendant-employer gave notice of appeal from the Opinion and Award of Deputy Commissioner Hall. Also on 20 June 2003, defendant North Carolina Self-Insurance Guaranty Association gave notice of appeal solely on the issue of the denial of its request for attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.
8. On 25 June 2003, plaintiff filed a Motion for Payment of Compensation Pending Appeal, seeking payment of plaintiff's compensation benefits during the pendency of defendants' appeals from the Opinion and Award of Deputy Commissioner Hall on grounds that plaintiff's claim has been accepted as compensable, there is no issue regarding the amount of compensation to which plaintiff is entitled, defendant-employer ceased payment of compensation without authorization of the Industrial Commission, and that plaintiff's need for indemnity compensation and medical treatment is urgent.
9. On 3 July 2003, defendant-employer responded to plaintiff's motion contending that an order to resume plaintiff's compensation would deprive defendant of its statutory right of appeal and that the Commission cannot ensure that defendant would receive reimbursement should it ultimately be found not liable for plaintiff's claim. To the contrary, an order to resume compensation places the defendant in the same position defendant would have been in had defendant not unilaterally terminated compensation in this admitted claim without approval of the Commission. The Commission, however, holds in abeyance any claim plaintiff may have to interest, penalty and other sanctions for defendant's unilateral termination of plaintiff's compensation.
10. In the discretion of the Full Commission, plaintiff's Motion for Payment of Compensation Pending Appeal is hereby GRANTED. Defendant-employer Glatfelter is hereby ORDERED to pay plaintiff's accrued and ongoing disability compensation and resume paying medical compensation. In the event that defendant-employer Glatfelter is not ultimately liable for the amount paid pursuant to this Order, Glatfelter shall be reimbursed by the employer/carrier who is ultimately held liable.
11. No costs are assessed at this time.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN